IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                                                      PLAINTIFF

v.                                                                         CIVIL ACTION NO. 1:22-cv-339-TBM-RPM

ONE (1) CARTIER SANTOS WATCH,
et al.                                                                                          DEFENDANT PROPERTY

## DEFAULT JUDGMENT OF FORFEITURE

Before this Court is Plaintiff United States of America's Motion for Default Judgment of Forfeiture [10]. Having considered the motion and the relevant statutes and jurisprudence in this matter, this Court finds that the relief the United States seeks has merit and should be granted. This Court further finds and adjudicates as follows:

1. On September 27, 2022, the Drug Enforcement Administration ("DEA") seized the Defendant Property (22-DEA-698939)—twelve pieces of assorted jewelry—from Anterio Dillard, in addition to $22,705.00 U.S. Currency (22-DEA-696416). The DEA initiated administrative forfeiture proceedings, which are still pending, against the U.S. Currency. As to the jewelry, the DEA determined that it would not be able to initiate administrative forfeiture proceedings before the statutory deadline, so it asked the U.S. Attorney's Office to initiate civil forfeiture proceedings naming the jewelry as the Defendant Property.

2. On December 19, 2022, the United States filed a Verified Complaint for Forfeiture *in Rem* [1], alleging that the Defendant Property is subject to forfeiture under 21 U.S.C. § 881.

3. The Declaration in Support of the Verified Complaint [1-1], executed by Alexander W. Smith, Drug Enforcement Administration Task Force Officer, was attached to the

Verified Complaint [1] as Exhibit A.  The Declaration established the probable cause for the seizure of the Defendant Property and, pursuant to Rule G(2)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and stated "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof [to establish, by a preponderance of the evidence, that the property is subject to forfeiture] at trial."  *See* Rule G(2)(f); 18 U.S.C. § 981(c)(1).

4. On December 21, 2022, the Court issued a Warrant of Arrest *in Rem* [4].

5. Under Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States served direct written notice of this civil asset forfeiture action, including copies of the Verified Complaint for Forfeiture *in Rem* [1], and Notice of Complaint for Forfeiture [2], to all potential claimants reasonably known to the United States, as evidenced by the United States' Proof of Service [7].

6. Beginning on January 10, 2023, the United States published for thirty (30) consecutive days on an official government internet website at www.forfeiture.gov, notice of the instant case, as evidenced by the Proof of Publication [6].

7. The aforementioned publication and direct notices informed Anterio Dillard, Zaza Kennels, LLC, Shiniqua Thomas, and all other persons or entities, known or unknown, having or claiming an interest in the Defendant Property that the Defendant Property had been arrested and that this instant civil forfeiture action was pending.  The publication and direct notices also informed said persons and entities that they had thirty-five (35) days after being sent direct notice or sixty (60) days after the first date of the published notice to file a claim, and twenty (21) days thereafter to file an answer.  Furthermore, the notice referred any such persons or entities to Rule G(5) of the Supplemental Rules of Admiralty and Maritime Claims and Asset

Forfeiture Actions, and warned that if this Supplemental Rules were not strictly followed, the Court could strike any claim and answer and enter default judgment of forfeiture or summary judgment against any improperly claimed interest in the Defendant Property.

8. The United States took all reasonable measures to ensure that Anterio Dillard, Zaza Kennels, LLC, Shiniqua Thomas, and all other possible claimants received such notice in a timely fashion.

9. As of this date, no claims, answers, or appearances have been filed to assert an interest in the Defendant Property, or to otherwise defend against this instant forfeiture action, by Anterio Dillard, Zaza Kennels, LLC, Shiniqua Thomas, or any other person or entity. Thus, the time pursuant to Supplemental Rule G, for Anterio Dillard, Zaza Kennels, LLC, Shiniqua Thomas, or any other person or entity to file a valid claim or answer in this action has lapsed.

10. As such, Anterio Dillard, Zaza Kennels, LLC, Shiniqua Thomas, and all other possible claimants are in total default; the Clerk of Court's March 15, 2023, Entry of Default [9] was proper; and the United States is entitled to a default judgment of forfeiture against the full interests of Anterio Dillard, Zaza Kennels, LLC, Shiniqua Thomas, and all other persons and entities in the Defendant Property, all without the necessity of further notice to Anterio Dillard, Zaza Kennels, LLC, Shiniqua Thomas, or any other person or entity.

IT IS, THEREFORE, ORDERED AND ADJUDGED THAT:

a. The United States of America is hereby given a default judgment of forfeiture against the full interests of Anterio Dillard, Zaza Kennels, LLC, Shiniqua Thomas, and all other persons and entities in the Defendant Property described below:

| No. | Asset ID | Asset Description |
|---|---|---|
| A-001 | 22-DEA-698939-01 | One (1) Cartier Santos watch, two-tone gold and diamond, valued at $39,500.00 |
| A-002 | 22-DEA-698939-02 | One (1) 10k rose gold fashion ring, weighing 16.4 grams with 303 round diamonds totaling 4.51ct, valued at $5,574.00 |
| A-003 | 22-DEA-698939-03 | One (1) 10k rose gold fashion ring, weighing 10.3 grams with 205 round diamonds totaling 1.08ct, valued at $2,264.00 |
| A-004 | 22-DEA-698939-04 | One (1) 10k rose gold fashion ring, weighing 20.2 grams with 136 baguette diamonds totaling 3.45ct, 132 round diamonds totaling 2.11ct, valued at $7,389.00 |
| A-005 | 22-DEA-698939-12 | One (1) 10k rose gold fashion ring, weighing 48.4 grams with 109 Baguette diamonds totaling 1.92ct, 1114 round diamonds14.88ct, 48 pink cubit zirconias, total diamond weight 16.80ct, valued at $20,802.00. |
| A-006 | 22-DEA-698939-05 | One (1) 10k rose gold link 8.75" chain bracelet, weighing 48.1 grams with 382 round diamonds totaling 7.05ct, 1267 round diamonds totaling 6.34ct, valued at $17,913.00 |
| A-007 | 22-DEA-698939-06 | One (1) 10k rose gold link 8.25" chain bracelet, weighing 25.3 grams with 386 round diamonds totaling 6.76ct, valued at $7,943.00 |
| A-008 | 22-DEA-698939-07 | One (1) 10k rose gold link 8" chain bracelet, weighing 45.0 grams with 710 round diamonds totaling 10.65ct, valued at $12,837.00 |
| A-009 | 22-DEA-698939-08 | One (1) 10k rose gold curb 22.50" chain necklace, with 1612 round diamonds totaling 40.19cts, valued at $53,765.00 |
| A-010 | 22-DEA-698939-09 | One (1) 10k rose gold pendant, weighing 125.5 grams with 1989 round diamonds totaling 21.40ct, 533 round pink cubic zirconias, valued at $33,050.00 |
| A-011 | 22-DEA-698939-10 | One (1) 10k rose gold pendant with 268 Baguette diamonds totaling 5.36ct, 655 round diamonds totaling 10.26ct, diamond weight total is 15.62cts. Pendant says "ITSTO." Valued at $19,487.00. |
| A-012 | 22-DEA-698939-11 | One (1) 10k rose gold link, 24.25" chain necklace with 1272 Baguette diamonds totaling 14.40ct, and 2,140 round pink cubic zirconias, valued at $45,435.00 |

b. Any administrative claims or interests therein of any entities or persons, including Anterio Dillard, Zaza Kennels, LLC, Shiniqua Thomas, and any other possible claimant are hereby canceled;

      c.      The Defendant Property is referred to the custody of U.S. Marshals Service and/or the Drug Enforcement Agency for disposition in accordance with the relevant law and regulations.

      SO ORDERED AND ADJUDGED, this 25th day of April, 2023.

                                               TAYLOR McNEEL
                                               UNITED STATES DISTRICT JUDGE